J-S13013-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| TOMMY J. WILLIAMS | : | |
| | : | |
| Appellant | : | No. 1565 MDA 2021 |

Appeal from the Judgment of Sentence Entered November 4, 2021
In the Court of Common Pleas of Bradford County
Criminal Division at No.:  CP-08-CR-0000646-2021

BEFORE:   STABILE, J., KING, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY STABILE, J.:                    **FILED:  JUNE 13, 2022**

Appellant, Tommy J. Williams, appeals from the judgment of sentence entered on November 4, 2021,[1] following his guilty plea to five counts of burglary, 18 Pa.C.S.A. § 3502(a)(4).  On direct appeal, Appellant's counsel has filed both a petition for leave to withdraw as counsel and an accompanying

_____

[*] Former Justice specially assigned to the Superior Court.

[1] The original judgment of sentence was imposed on October 25, 2021. However, the trial court amended Appellant's judgment of sentence on November 4, 2021.  On appeal, counsel for Appellant erroneously states that the appeal is from the October 25, 2021 judgment of sentence rather than from the November 4, 2021 amended judgment of sentence.  In cases where the trial court amends the judgment of sentence during the period it maintains jurisdiction pursuant to 42 Pa.C.S.A. § 5505, the direct appeal lies from the amended judgment of sentence.  **See Commonwealth v. Garzone**, 993 A.2d 1245, 1254 n.6 (Pa. Super. 2010); **see also Commonwealth v. Shamberger**, 788 A.2d 408, 410 n.2 (Pa. Super. 2001) (*en banc*) (citation omitted) (correcting caption when appellant misstates where appeal lies), **appeal denied**, 800 A.2d 932 (Pa. 2002).

brief pursuant to **Anders v. California**, 386 U.S. 738 (1967) and **Commonwealth v. Santiago**, 978 A.2d 349 (Pa. 2009). We conclude that Appellant's counsel has substantially complied with the procedural requirements necessary to withdraw. Moreover, after independently reviewing the record, we conclude that the instant appeal is wholly frivolous. We, therefore, grant counsel's petition for leave to withdraw and affirm Appellant's judgment of sentence.

The trial court briefly summarized the facts and procedural history of this case as follows:

> On September 2, 2021, Appellant pled guilty to five (5) counts of Burglary, 18 Pa.C.S.A. § 3502(a)(4), felonies of the first degree. Appellant was sentenced on October 25, 2021, to incarceration, the minimum of which is 12 months and the maximum of which is 24 months for each count of Burglary to be served consecutively to each other. The aggregate minimum is 60 months and the aggregate [m]aximum is 120 months.

Trial Court Opinion, 1/14/22, at 1.

Before we address the merits of this appeal, we must consider the adequacy of counsel's compliance with **Anders** and **Santiago**.

Pursuant to **Anders**, when counsel believes an appeal is frivolous and wishes to withdraw from representation, counsel must do the following:

> file a petition averring that, after a conscientious examination of the record, counsel finds the appeal to be wholly frivolous. Counsel must also file an **Anders** brief setting forth issues that might arguably support the appeal along with any other issues necessary for the effective appellate presentation thereof. . . .
>
> **Anders** counsel must also provide a copy of the **Anders** petition and brief to the appellant, advising the appellant of the right to retain new

counsel, proceed pro se or raise any additional points worthy of this Court's attention.

***Commonwealth v. Tukhi***, 149 A.3d 881, 885-86 (Pa. Super. 2016) (citation omitted).

In ***Santiago***, our Supreme Court addressed the contents of an ***Anders*** brief, and required that the brief:

(1) provide a summary of the procedural history and facts, with citations to the record;
(2) refer to anything in the record that counsel believes arguably supports the appeal;
(3) set forth counsel's conclusion that the appeal is frivolous; and
(4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

***Santiago***, 978 A.2d at 361. Once counsel has satisfied the ***Anders*** requirements, it is then this Court's responsibility "to conduct a simple review of the record to ascertain if there appear on its face to be arguably meritorious issues that counsel, intentionally or not, missed or misstated." ***Commonwealth v. Dempster***, 187 A.3d 266, 272 (Pa. Super. 2018).

Here, counsel substantially complied with all of the above obligations. Furthermore, neither the Commonwealth nor Appellant has responded to the petition to withdraw or ***Anders***' brief. We, therefore, must review the entire record and analyze whether this appeal is, in fact, wholly frivolous. In his ***Anders***' brief, counsel submits the following issue for our review:

Was the sentence imposed on [Appellant] excessive in light of [Appellant]'s circumstances?

- 3 -

***Anders***' Brief at 9.

As presented, Appellant's claims (excessiveness and failure to consider mitigating circumstances) challenge the discretionary aspects of the sentence. It is well-settled that "[t]he right to appeal a discretionary aspect of sentence is not absolute." ***Commonwealth v. Dunphy***, 20 A.3d 1215, 1220 (Pa. Super. 2011). Rather, where an appellant challenges the discretionary aspects of a sentence, an appellant's appeal should be considered as a petition for allowance of appeal. ***Commonwealth v. W.H.M.***, 932 A.2d 155, 162 (Pa. Super. 2007). As we stated in ***Commonwealth v. Moury***, 992 A.2d 162 (Pa. Super. 2010):

> An appellant challenging the discretionary aspects of his sentence must invoke this Court's jurisdiction by satisfying a four-part test:

> [W]e conduct a four-part analysis to determine: (1) whether appellant has filed a timely notice of appeal, ***see*** Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, ***see*** Pa.R.Crim.P. [720]; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.A. § 9781(b).

***Id.*** at 170 (citation omitted). Whether a particular issue constitutes a substantial question about the appropriateness of sentence is a question to be evaluated on a case-by-case basis. ***See Commonwealth v. Kenner***, 784 A.2d 808, 811 (Pa. Super. 2001), ***appeal denied***, 796 A.2d 979 (Pa. 2002).

Here, Appellant has satisfied the first requirement of the four-part ***Moury*** test. Appellant filed a timely appeal to this Court. However, a review

of the record reveals that Appellant failed to preserve the issue on appeal. Appellant did not raise the issue at his sentencing hearing, nor did he file a motion to modify the sentence imposed. Therefore, Appellant has waived this issue for failing to preserve it. *See*, *e.g.*, *Tukhi*, 149 A.3d at 888; *Commonwealth v. Evans*, 901 A.2d 528, 534 (Pa. Super. 2006). "Having [the issue] been waived, pursuing this matter on direct appeal is frivolous." *Commonwealth v. Kalichak*, 943 A.2d 285, 291 (Pa. Super. 2008).

Moreover, even if this issue had not been waived, we find its substance to be frivolous.

We will assume for purposes of our discussion that Appellant did raise a substantial question for our review. *See Commonwealth v. Johnson-Daniels*, 167 A.3d 17, 25 (Pa. Super. 2017) (substantial question raised where sentence alleged to be excessive in light of mitigating factors and rehabilitative needs).[2]

_____

[2] We also note that Appellant included some language in the *Anders* Brief that could be read as a statement for purposes of Pa.R.A.P. 2119(f). While it is not a separate statement as required under Pa.R.A.P. 2119(f), we decline to find waiver on this basis.

Even if the statement had not been included in any form, this Court has previously determined that "[w]here counsel files an *Anders* brief, this Court has reviewed the matter even absent a separate Pa.R.A.P. 2119(f) statement" and we "do not consider counsel's failure to submit a Rule 2119(f) statement as precluding review of whether [issues are] frivolous." *Commonwealth v. Zeigler*, 112 A.3d 656, 661 (Pa. Super. 2015) (citation omitted). Moreover, the Commonwealth did not object to the omission of the Rule 2119(f) statement. *See Commonwealth v. Brougher*, 978 A.2d 373, 375 (Pa. Super. 2009) (Even though defendant failed to include a Rule 2119(f)
*(Footnote Continued Next Page)*

Here, Appellant does not claim that his aggregate sentence is excessive. Nor does Appellant challenge the imposition of consecutive sentences. Appellant merely claims that the sentence imposed on each count was excessive, noting that the trial court, while imposing the standard range sentences on all counts, could have imposed lighter sentences, closer to the low end of the standard range.

Upon review of the record, we find Appellant's discretionary sentence challenge unavailing. "[S]entencing is vested in the discretion of the trial court, and will not be disturbed absent a manifest abuse of that discretion. An abuse of discretion involves a sentence which was manifestly unreasonable, or which resulted from partiality, prejudice, bias or ill will. It is more than just an error in judgment." ***Commonwealth v. Brown***, 249 A.3d 1206, 1211 (Pa. Super. 2021).

Where, as here, the sentencing court imposes a sentence within the guideline range, our review is limited to whether the trial court's sentence is "clearly unreasonable." 42 Pa.C.S.A. § 9781(c)(2). The reasonableness inquiry is to be a "fluid" one, based in part on the factors set forth in § 9781(d) of the Sentencing Code:

> **(d) Review of record.**—In reviewing the record the appellate court shall have regard for:
> (1) The nature and circumstances of the offense and the history and characteristics of the defendant.

---

statement with respect to the discretionary aspects of a sentence in his brief, defendant's claims were not waived since the Commonwealth failed to object to the statement's absence).

(2) The opportunity of the sentencing court to observe the defendant, including any presentence investigation.
(3) The findings upon which the sentence was based.
(4) The guidelines promulgated by the commission.

42 Pa.C.S.A. § 9781(d).

"In addition, a sentence may be unreasonable if the sentencing court fails to consider the factors set forth in § 9721(b)." *Commonwealth v. Dodge*, 957 A.2d 1198, 1200 (Pa. Super. 2008) (citation omitted).

The trial court, which had the benefit of a presentence investigation and the applicable sentencing guideline form, *see* N.T. Sentencing., 10/25/21, at 3, explained the reasons for the sentence imposed as follows:

> Sentence falls within the standard range of the sentencing guideline[s]. And this is appropriate given the totality of the crime spree over a one (1) year period, there being numerous victims. There were four (4) other co-defendants and there were large amounts of items stolen[.] . . . So after considering all the factors that go into sentencing and the facts and circumstances surrounding [Appellant], [the trial court] finds that a sentence of total confinement is appropriate.

*Id.* at 5-6.

We also note that there is no requirement that a sentencing court's imposition of sentence must be the minimum possible confinement. *See Commonwealth v. Walls*, 926 A.2d 957, 965 (Pa. 2007). Furthermore, where the sentencing court had the benefit of a presentence investigation report, we can assume the sentencing court "was aware of relevant information regarding the defendant's character and weighed those considerations along with mitigating statutory factors." *Commonwealth v. Devers*, 46 A.2d 12, 18 (Pa. 1988); *Commonwealth v. Tirado*, 870 A.2d

362, 368 (Pa. Super. 2005) (stating if sentencing court has benefit of presentence investigation report, law expects court was aware of relevant information regarding defendant's character and weighed those considerations along with any mitigating factors). Finally, an appellate court may not reweigh the evidence and substitute its judgment for that of the finder of fact. **See**, **e.g.**, **Commonwealth v. Gibson**, 720 A.2d 473, 480 (Pa. 1998).

For all of the foregoing reasons, we conclude that the trial court did not abuse its discretion in sentencing Appellant, and that the sentence imposed is not clearly unreasonable. Accordingly, we conclude that Appellant failed to invoke our jurisdiction, but even if he had done so, we would nonetheless have concluded that his discretionary aspect of sentencing claim was frivolous.

Finally, after independent review of the certified record, we discern no additional, non-frivolous issues overlooked by counsel. **See Commonwealth v. Schmidt**, 165 A.3d 1002, 1006 (Pa. Super. 2017) ("After determining that counsel has satisfied the[ ] technical requirements of Anders and Santiago, this Court must then conduct an independent review of the record to discern if there are any additional, non-frivolous issues overlooked by counsel.") (citation and internal quotations omitted). Accordingly, we affirm Appellant's judgment of sentence and grant counsel's petition to withdraw.

Judgment of sentence affirmed. Petition to withdraw granted.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 6/13/2022